IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | Criminal Case No. 05-218-02-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JOSE ARTEMIO CHAVES OROZCO, | ) | |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Leslie J. Westphal
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204

        Attorneys for Respondent

Page 1 - OPINION AND ORDER

Jose Artemio
Fed. Reg. No. 68718-065
FCI Lompoc
3600 Guard Road
Lompoc, California  93436

       Pro Se Petitioner

KING, Judge:

Before the court is the motion styled "Motion for Adjustment of Sentence for Deportable Alien" (#385) filed by defendant Jose Artemio Chavez Orozco.

## PROCEDURAL BACKGROUND

On January 3, 2006, defendant pled guilty to count one of the superseding indictment–conspiracy to manufacture, possess with intent to distribute and distribute methamphetamine in an amount greater than 50 grams of pure methamphetamine or 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii).

On May 15, 2006, defendant was sentenced to 63 months imprisonment with a five-year term of supervised release.

Judgment was entered on May 15, 2006.  Defendant did not appeal his sentence and has not previously filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Defendant asserts that he should have been given a two-point reduction in his sentence because he is a deportable alien without access to benefits such as the drug and alcohol

Page 2 - OPINION AND ORDER

residential program, home confinement, work release, minimum security prison farm, or a halfway house.

Given the nature of defendant's arguments, and the relief he seeks, his motion is properly characterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 382 (2003), and the Ninth Circuit's holding in United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001), the court is not at liberty to make such a recharacterization at this time because this would be defendant's initial Section 2255 motion.  Instead, according to Castro:

> [T]he district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.[1]  Accordingly, this opinion serves as the necessary warning to defendant.

Defendant should give serious consideration to withdrawing this motion given its clear legal infirmities.  Once recharacterized as a Section 2255 petition, defendant's motion will be subject to the applicable one-year statute of limitations and will be rejected because it was filed beyond one year from the date of judgment.  Judgment was entered May 15, 2006, but this motion was not filed until May 29, 2007.

Title 28, U.S.C. § 2255 contains a one-year statute of limitations which runs from the latest of:  (1) the date on which the judgment of conviction becomes final; (2) the date on which

---

[1] A defendant faces additional hurdles when he seeks to file a second or successive Section 2255 motion, such as the prerequisite of obtaining certification from the court of appeals.  See 28 U.S.C. § 2255; see also Seesing, 234 F.3d at 463 (noting that, pursuant to 28 U.S.C. § 2255, second or  successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable").

an unlawful or unconstitutional government-created impediment to filing has been removed; (3)

the date on which "the right asserted was initially recognized by the Supreme Court, if that right

has been newly recognized by the Supreme Court and has been made retroactively applicable to

cases on collateral review;" or (4) the date on which the facts supporting the claim presented

could have been discovered through the exercise of due diligence.

     None of these factors could extend the one-year statute of limitations.  As such, once

recharacterized, defendant's existing motion will be deemed untimely.

     In addition, I note that in his plea agreement defendant waived the right to file "any

collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the

conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel,

and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)."  <u>Plea Agreement</u> at 3

(Jan. 3, 2006) (#136).

     The Ninth Circuit "regularly enforces 'knowing and voluntary' waivers of appellate rights

in criminal cases, provided that the waivers are part of negotiated guilty pleas, and do not violate

public policy."  <u>United States v. Anglin</u>, 215 F.3d 1064, 1066 (9th Cir. 2000) (citations omitted).

The test of the validity of a waiver is whether it was made knowingly and voluntarily, determined

by the "circumstances surrounding the signing and entry of the plea agreement."  <u>Id.</u> at 1066-68.

The defendant presents no facts from which I could find that his waiver was uninformed or

otherwise defective.  He does not take issue with his counsel's assistance, and the circumstances

mentioned in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2) are not applicable.  The defendant

clearly and unambiguously waived the right to appeal his conviction and sentencing as outlined

in the plea agreement.

Finally, the Ninth Circuit has rejected the very argument defendant makes here. The Ninth Circuit held that the Bureau of Prisons (BOP) could deny placement of deportable aliens in minimum security facilities or community corrections centers, thereby affecting sentencing reduction eligibility, because such a denial is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d 1176, 1184-86 (9th Cir. 1999).

## CONCLUSION

In accordance with the foregoing, defendant shall notify the court within 30 days whether he: (1) withdraws his motion; (2) consents to the recharacterization of the motion, as filed, as a Section 2255 motion; or (3) consents to the recharacterization of the motion as a Section 2255 motion and seeks to amend it to include other Section 2255 claims.[2] If defendant fails to respond timely to this order, the court will recharacterize the motion styled "Motion for Adjustment of Sentence for Deportable Alien" (#385) filed by defendant Jose Artemio Chavez Orozco as a Section 2255 motion and deny it for the reasons stated above.

IT IS SO ORDERED.

Dated this _____7th_____ day of June, 2007.


    _/s/ Garr M. King_____
    Garr M. King
    United States District Judge

_____

[2] Any such amendments may not prevent the motion from being deemed untimely.